# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CARPENTER,<br><br>Plaintiff,<br><br>v.<br><br>BENNY MOLINA, et al.,<br><br>Defendants. | Case No. 1:21-cv-00344-EPG-PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT COMPLAINT BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN 21 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

## I. INTRODUCTION

Charles Carpenter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* and seeking relief pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on March 5, 2021. (ECF No. 1). In the complaint, Plaintiff brings claims concerning a racist comment made by a guard. On March 25, 2021, the Court screened the complaint, finding that the complaint failed to state any cognizable claims for violations of Plaintiff's constitutional rights. (ECF No. 6). The Court ordered that within thirty days from the date of service of the screening order, Plaintiff must either file a first amended complaint or notify the Court that he wishes to stand on the original

1

complaint, and that failure to comply with the order may result in the dismissal of the action. (ECF No. 6 at 6–7).

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons described below, the undersigned will recommend that Plaintiff's case be dismissed for failure to state a claim. The undersigned will also recommend that Plaintiff's case be dismissed for failure to prosecute and failure to comply with a court order.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court may also screen a complaint brought *in forma pauperis* under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

///

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hosp. Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding *pro se* complaints should continue to be liberally construed after Iqbal).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

On December 25, 2020, Plaintiff was at breakfast at "P.I.A. H.F.M." breakroom. An inmate made a comment concerning his opinion of inmates getting extra breakfast trays on Christmas. Defendant Benny Molina, a P.I.A. Staff member, responded by saying: "Yeah, everyone should get an extra tray except the blacks." There were three Hispanic and two black inmates present at the time. Plaintiff complained about this comment to two supervisors. Plaintiff was told that Defendant Molina would be verbally reprimanded. Plaintiff requested to speak to P.I.A. supervisor Paul Silva regarding the incident, and he has yet to address the issue. Plaintiff alleges he suffered psychological damage. He seeks $50,000 and the removal of Defendant Molina from his post at P.I.A. H.F.M. at Corcoran State Prison.

## IV. DISCUSSION

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386,

393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676–77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief

under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### B. Verbal Abuse

Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (quoting Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Cox v. Kernan, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d 1083 at 1092).

The Central District of California applied these standards in Zavala v. Barnik, 545 F. Supp. 2d 1051 (C.D. Cal. 2008), aff'd, 348 F. App'x 211 (9th Cir. 2009). There, a guard

allegedly screamed profanities at an inmate "in regard to Plaintiff's ethnic/racial background," and, while denying the inmate a roll of toilet paper, stated that "it's because of you people [meaning aliens] . . . that the State is in a budget crisis, you'll have to use the restroom and wipe your ass with your finger!" Zavala, 545 F. Supp. 2d at 1054. Those "alleged comments about Plaintiff's racial, ethnic, or alienage background [did] not state a claim." Id. at 1059. In affirming in an unpublished opinion, the Ninth Circuit quoted Freeman: "As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Zavala, 348 F. App'x at 213 (quoting Freeman, 125 F.3d at 738).

Plaintiff alleges that Defendant Molina made a racist comment. However, even though the alleged comment was racist and wholly improper, it does not rise to the level of being unusually gross for even a prison setting and thus not a violation of the prohibition against cruel and unusual punishment. See Freeman, 125 F.3d at 738; Zavala, 545 F. Supp. 2d at 1059.

### C. Failure to Prosecute and Follow Court order

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." Pagtalunan, 291 at 642 (citation omitted). Plaintiff has failed to file an amended complaint or notify the Court that he intends to stand on his original

complaint. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Thus, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Pagtalunan, 291 at 643.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

## V. RECOMMENDATION AND ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that this action be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with a court order.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

§ 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2021**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE